## DEAN v. FULLER et al. (No. 9960.)

(Court of Civil Appeals of Texas. Dallas. Jan. 1, 1927.)

1. Constitutional law ⊚⟶56—Grant of exclusive original jurisdiction to county courts to appoint guardians and transact business appertaining to estates of persons of unsound mind is constitutional (Rev. St. 1925, arts. 4102, 4104, subd. 3, and art. 4129; Const. art. 5, § 16).

Grant of exclusive original jurisdiction to county courts to appoint guardians for persons of unsound mind and to transact all business appertaining to their estates, by Rev. St. 1925, arts. 4102, 4104, subd. 3, and article 4129, is within Const. art. 5, § 16.

2. Insane persons ⊚⟶97—Description of mental and physical condition of person, in petition for appointment of receiver, held to show him person of unsound mind, within statutes conferring jurisdiction on county court (Const. art. 5, § 16; Rev. St. 1925, arts. 4102, 4104, subd. 3, and art. 4129).

In petition in district court for injunction and for appointment of receiver, allegation that property owner was suffering from ill health, causing impairment of mental powers, *held* to show him of unsound mind, within meaning of Const. art. 5, § 16, Rev. St. 1925, arts. 4102, 4104, subd. 3, and article 4129, conferring jurisdiction over such person on county court.

3. Insane persons ⊚⟶70—Jurisdiction of district court over appointment of receiver, to prevent waste of incompetent's property, is appellate (Const. art. 5, §§ 8, 16 (Rev. St. 1925, art. 4103).

District court's jurisdiction over appointment of receiver and guardian to prevent waste of incompetent's property is appellate and not original, under Const. art. 5, §§ 8, 16, and Rev. St. 1925, art. 4103.

4. Courts ⊚⟶40—District court's appointing receiver for property of incompetent and granting injunction on original application held void (Const. art. 5, §§ 8, 16; Rev. St. 1925, arts. 4102, 4103, 4104, subd. 3, and art. 4129).

Under Const. art. 5, §§ 8, 16, Rev. St. 1925, arts. 4102, 4103, 4104, subd. 3, and article 4129, district court on original application being without jurisdiction to appoint receiver to prevent waste of incompetent's property,

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appointment and injunction against interference with such property *held* void.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit by J. W. Fuller by Mrs. Mollie Moses, his next friend, against B. F. Dean, for the appointment of a receiver and an injunction. From an interlocutory order appointing a receiver and enjoining defendant, defendant appeals. Reversed, and judgment rendered for defendant.

Wynne & Wynne, of Wills Point, for appellant.

R. M. Liveley, of Canton, and Earl M. Greer, of Wills Point, for appellees.

LOONEY, J. Mrs. Mollie Moses sued as next friend for J. W. Fuller, and alleged, among other things, that Mr. Fuller owned an estate of the value of about $90,000, consisting of farms, town lots, and cash in bank, situated in Van Zandt county, Tex., and that proper care and management of same required the attention of an active, capable, responsible business man.

In regard to the physical condition of Mr. Fuller, appellee alleged that he was past 68 years of age, with health impaired to the extent that he was unable to labor or perform any character of physical exercise, or to give any attention whatever to his business; that he had lost his sense of hearing and practically the power of speech, and for several years had suffered from paralysis; and that his condition was hopeless.

In regard to his mental condition, the petition alleged:

"It is further made known to the court that the plaintiff, J. W. Fuller, is not only suffering the physical and bodily impairments above stated, but that his physical impairments and his confirmed invalid condition have continued for so great a length of time that his mental powers and business capacity have also become weakened and impaired and broken to the extent that he has lost, and does not now possess, either the physical or the mental capacity to look after and attend to and safeguard his own business interests, nor even his own personal welfare; that his normal mental powers (which, at one time, were far above the average and of a superior order) have also completely broken down and given away, leaving him with a slow, weakened, greatly impaired mentality, all resulting from his bodily decay and affliction and impaired physical condition."

Appellee further alleges that two or three years prior to the filing of this suit, while Mr. Fuller was in the condition of mind and body above described, appellant in some way ingratiated himself into his confidence, and by a steady course of advancement had procured full control and management of all of his property and is now exercising such control; that appellant was under no pecuniary obligation to Fuller or any one else, guaranteeing fidelity or prudence in the management of said property; that his management had resulted in material injury to the property by reason of the unauthorized, inefficient, and wrongful acts and conduct of appellant, and if said conditions continue, the property and property interests of Mr. Fuller will be further injured, dissipated, and lost.

She therefore prayed for the appointment of a receiver with authority to take possession of said properties, manage, care for, and control the same; that a writ of injunction be granted, commanding appellant to refrain from any further management, control, or handling of said property or any part thereof.

On an ex parte hearing in chambers, the judge entered an interlocutory order appointing a receiver, and directed him to take charge of the property and assets belonging to J. W. Fuller, rent the lands, collect rents and other obligations due, pay taxes, and for insurance expend such sums as may be necessary to maintain the property and support Fuller. And, in addition, the court enjoined appellant from further interfering with, controlling, or managing said property, and from writing checks against the account of Fuller, and from contracting in any manner with reference to said property.

Dean has appealed from this order and attacks the entire proceedings below on the ground that the district court was without jurisdiction of the subject-matter involved. This contention must be sustained.

[1] The county courts of this state are given exclusive original jurisdiction to appoint guardians for persons of unsound mind and to transact all business appertaining to their estates. This grant of jurisdiction is constitutional. See section 16, art. 5, of the Constitution. The following statutes have been enacted in harmony with the Constitution:

Article 4102, Rev. St. 1925, reads:

"The county court shall appoint guardians of minors, persons of unsound mind and habitual drunkards, settle accounts of guardians, and transact all business appertaining to the estates of minors, persons of unsound mind and habitual drunkards. * * *"

Subdivision 3 of article 4104 defines a person of unsound mind as follows:

"Idiots, lunatics or insane persons are persons of unsound mind."

[2] The description of the physical and mental condition of J. W. Fuller, given in the petition of appellee, shows that he is mentally incapable of understanding and acting rationally in the ordinary affairs of life or in the management of his property, and is unquestionably a person of unsound mind, within the meaning of the Constitution and statutes. Pulaski County v. Hill, 97 Ark. 450, 134 S. W. 973, 975; 32 C. J. pp. 623, 624, §§ 152–155.

In a situation such as is depicted by appellee, the county judge was authorized, with or without an application, in term time or in vacation, to appoint a receiver to prevent injury to, or waste of, the property of Mr. Fuller until a guardian could have been regularly appointed. Such a situation is taken care of by article 4129, Rev. St. 1925, in the following manner:

"When from any cause, the estate of a minor, person of unsound mind or of an habitual drunkard is without a guardian, and such estate is likely to injure or waste, the county judge shall, with or without application, in term time or in vacation, appoint some suitable person to take charge of such estate, as receiver until a guardian can be regularly appointed, and shall make such other orders as may be necessary for the preservation of such estate. Such appointment and orders shall be recorded in the minutes of the court, and shall specify the duties and powers of such receiver. The provisions of the law governing in the case of a temporary administration upon the estate of a decedent shall govern in the case of a receiver appointed under this article, so far as the same are applicable."

There is also afforded in chapter 12 of title 69, a cumulative remedy to the same effect.

[3] The jurisdiction of the district court over the subject-matter is appellate, and not original. Article 5, § 8, of the Constitution and article 4103, Rev. St. 1925.

[4] As the district court was without jurisdiction, its orders are void. Judgment will therefore be and is hereby rendered, dissolving the receivership and injunction.

Reversed and rendered for appellant.